**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| CASSEY KEEN and MELANIE KAZASKIBOSKI, Individually and on behalf of JAMES AARON KELLY, deceased, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Cause No. 2:26-cv-00033-RHH |
| PIKE COUNTY, MISSOURI, et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Motion to Dismiss Plaintiff Cassey Keen filed by Defendants Advanced Correctional Healthcare, Inc., Dr. Shaukat Abdul Thanawalla, and Erin Varner. (ECF No. 22.)[1] The motion has been fully briefed and is ripe for decision. For the reasons set forth below, the motion is denied.

**BACKGROUND**

James Aaron Kelly was arrested in Pike County, Missouri, on April 11, 2023, and booked into the Pike County Jail as a pretrial detainee. (ECF No. 1, ¶¶ 18, 23.) Plaintiffs allege that his prescribed medication was discontinued when he arrived at the jail, that his resulting withdrawal symptoms went untreated and unmonitored, and that he died in his cell on April 14, 2023, after emergency care was delayed. (Id. ¶¶ 25, 38–41, 83.)

On April 13, 2026, Plaintiffs Cassey Keen and Melanie Kazaskiboski filed their four-count Complaint individually and on behalf of Kelly. (ECF No. 1.) The Complaint identifies Plaintiff

---

[1] All parties have consented to the jurisdiction of the undersigned United States Magistrate Judge in accordance with 28 U.S.C. § 636(c)(1). (*See* ECF No. 21.)

Kazaskiboski as Kelly's sister and alleges that Plaintiff Keen was a resident of Iowa and Kelly's common-law spouse under Iowa law. (Id. ¶¶ 6–7.)

Plaintiffs name two groups of Defendants. The first group consists of Pike County, Missouri; Sheriff Stephen Korte; acting jail administrator Corina Halbach; correctional officers Carson Schwenk and Logan Phelps; and correctional officers John Does 1–4 (collectively, the "Pike County Defendants"). (ECF No. 1, ¶¶ 8, 10, 13–16.) The second group consists of Advanced Correctional Healthcare, Inc., which provided medical care at the jail under contract, and its employees Dr. Shaukat Abdul Thanawalla and licensed practical nurse Erin Varner, as well as ACH Does 1–2 (collectively, the "ACH Defendants"). (ECF No. 1, ¶¶ 9, 11–12, 17.)

The Complaint pleads four counts. Count I alleges deliberate indifference to serious medical needs under 42 U.S.C. § 1983 against all defendants except Pike County, Missouri, and Advanced Correctional Healthcare, Inc. Count II alleges failure to train, supervise, or discipline under 42 U.S.C. § 1983 against Pike County, Korte, Halbach, Advanced Correctional Healthcare, Inc., Thanawalla, Varner, and ACH Does. Count III alleges wrongful death against the Pike County Defendants. Count IV alleges wrongful death premised on medical negligence against the ACH Defendants.

## THE PARTIES' ARGUMENTS

In the pending motion, Defendants[2] seek to dismiss Keen as a plaintiff, arguing that she lacks standing to sue under Missouri's wrongful death statute, Mo. Rev. Stat. § 537.080, because Missouri law declares common-law marriages "null and void." Mo. Rev. Stat. § 451.040.5. (ECF Nos. 22, 23.) Keen responds that she was married to Kelly under Iowa common-law marriage rules

[2] Unless otherwise indicated, references to "Defendants" in the remainder of this Memorandum and Order refer to the ACH Defendants.

and that Missouri would recognize a marriage validly formed in other states. (ECF No. 25.) In reply, the Defendants note that Keen identifies no Missouri wrongful-death case recognizing an out-of-state common-law marriage. (ECF No. 26.) Defendants' submissions, however, offer little analysis of how Missouri law applies to Keen's alleged Iowa marriage.[3]

Defendants' use of the term "standing" raises a question as to the proper procedural basis for their motion, particularly because they do not identify the Federal Rule of Civil Procedure under which they seek dismissal. (ECF Nos. 22, 23.) Although a challenge to Article III standing concerns the Court's subject-matter jurisdiction, Defendants' argument does not raise that issue. Instead, they argue that Keen is not among the persons authorized to sue under Missouri's wrongful death statute. The Court therefore construes the motion as one for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). See *Guida v. Cass County*, 188 F.4th 1035, 1039 (8th Cir. 2026) (characterizing whether a plaintiff has standing to sue under state wrongful death law as a matter of prudential standing and explaining that "the absence of a valid . . . cause of action does not implicate subject-matter jurisdiction" (quoting *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014))).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed for "failure to state a claim upon which relief can be granted." To survive such a motion, a complaint must allege facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In resolving the motion, the Court must construe the complaint in favor of the plaintiff, *Huggins v. FedEx Ground*

[3] Defendants' supporting memorandum largely repeats their motion, adding only a reference to Missouri's prohibition of common-law marriage. (Compare ECF No. 22, with ECF No. 23.) Their reply likewise does not address the validity of Keen's alleged marriage under Iowa law or whether Missouri would recognize a common-law marriage formed in another state. (ECF No. 26.)

*Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010), and accept as true its factual allegations, *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008).

**DISCUSSION**

Defendants argue that Keen's alleged common-law marriage to Kelly is invalid under Missouri law and that Keen therefore is not a proper plaintiff. Defendants are correct that Missouri law prohibits the formation of common-law marriages within the state. However, Keen alleges that she was Kelly's common-law spouse under Iowa law. Defendants do not address whether Keen's alleged marriage was valid under Iowa law or whether Missouri recognizes common-law marriages formed in other states. As discussed below, Defendants have not established a basis for dismissing Keen at this stage.

Missouri's wrongful death statute authorizes a surviving spouse to bring a wrongful death action. Mo. Rev. Stat. § 537.080.1(1). The statute also determines who may bring a 42 U.S.C. § 1983 claim where the alleged injuries resulted in the decedent's death. See 42 U.S.C. § 1988(a); *Andrews v. Neer*, 253 F.3d 1052, 1057–58 (8th Cir. 2001). Because Keen claims the right to sue as Kelly's surviving spouse, the question is whether Missouri would recognize their alleged common-law marriage.

Missouri law provides that "[c]ommon-law marriages shall be null and void." Mo. Rev. Stat. § 451.040.5. Although Missouri prohibits common-law marriages contracted within the state, Missouri courts have recognized common-law marriages validly contracted elsewhere. *Pope v. Pope*, 520 S.W.2d 634, 635–36 (Mo. Ct. App. 1975) (recognizing a common-law marriage contracted in Kansas); *Doyle v. Doyle*, 497 S.W.2d 846, 847 (Mo. Ct. App. 1973) (acknowledging Missouri courts' "willingness to recognize the validity of a common law marriage contracted in a foreign state"). To determine whether a common-law marriage was validly contracted in another state, Missouri courts look to the law of that state. See *Doyle*, 497 S.W.2d at 847–48.

The Court therefore turns to Iowa law. Iowa recognizes common-law marriage and requires "(1) [present] intent and agreement . . . to be married by both parties; (2) continuous cohabitation; and (3) public declaration that the parties are husband and wife." *In re Marriage of Martin*, 681 N.W.2d 612, 617 (Iowa 2004). All three elements must be established. *Id*.

The Complaint alleges that Keen "was a resident of the State of Iowa" and "was the common law spouse of James Kelly under Iowa law." (ECF No. 1, ¶ 7.) Defendants do not argue that Keen has failed to plead the elements of a valid common-law marriage under Iowa law. Rather, their motion relies on Missouri's prohibition of common-law marriages. The Court therefore considers whether Missouri law prevents recognition of the alleged marriage without deciding whether Keen can ultimately establish its validity under Iowa law.

Even if a common-law marriage is valid under Iowa law, Missouri may decline to recognize it if recognition would violate a strong Missouri public policy. *See Hesington v. Estate of Hesington*, 640 S.W.2d 824, 826 (Mo. Ct. App. 1982) (holding that recognition of an out-of-state marriage is a "matter of comity" and may be withheld when recognition would violate Missouri public policy). In *Hesington,* the Missouri Court of Appeals adopted Restatement (Second) of Conflict of Laws § 283(2) (1971), which provides that a marriage valid where contracted will generally be recognized unless it violates the strong public policy of another state having the most significant relationship to the spouses and marriage at the time of the marriage. *Id*.

In *Hesington*, the parties were domiciled in and resided in Missouri before, during, and after their alleged common-law marriage, which they claimed to have contracted during a brief trip to Oklahoma. 640 S.W.2d at 824–25. The Missouri Court of Appeals declined to recognize the marriage, explaining that one purpose of Missouri's prohibition was "to require some degree of solemnity and reliability in establishing a marriage of those domiciled in and residing in

Missouri." *Id.* at 827. The court also acknowledged a distinction where the parties actually resided in the state recognizing common-law marriage, even if they were not domiciled there. *Id.* at 826–27.

The allegations here differ from those in *Hesington*. Keen alleges that she was a resident of Iowa and Kelly's common-law spouse under Iowa law. (ECF No. 1, ¶ 7.) Nothing in the Complaint suggests that Keen was a Missouri resident who temporarily traveled to another state to contract a marriage Missouri would not permit. Nor do the allegations establish that Missouri had the most significant relationship to Keen and Kelly's alleged marriage at the time it was formed. On the present pleadings, Defendants have not shown that recognizing the alleged marriage would violate the Missouri public policy identified in *Hesington*.

Accordingly, Defendants have not established that Missouri's prohibition of common-law marriage requires Keen's dismissal. If Keen establishes that she was Kelly's surviving spouse under Iowa law and that Missouri would recognize the marriage, she falls within the class of persons authorized to sue under Mo. Rev. Stat. § 537.080. This applies to the wrongful death claims in Counts III and IV and, under *Andrews*, to the 42 U.S.C. § 1983 claims in Counts I and II. Whether Keen can establish the existence of the alleged marriage, including the relevant circumstances of its formation, remains a question that may be addressed on a developed record. Defendants have not established a basis for dismissing Keen at this stage.

**CONCLUSION**

For the foregoing reasons, Defendants have not established that Missouri law bars recognition of Keen's alleged common-law marriage under Iowa law. Keen may therefore remain a plaintiff at this stage, without prejudice to Defendants' ability to challenge the validity of the alleged marriage on a more developed record.

Accordingly,

**IT IS HEREBY ORDERED** that the ACH Defendants' Motion to Dismiss Plaintiff Cassey Keen (ECF No. 22) is **DENIED**.

Dated this 23rd day of November, 2026.

RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE